IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACFONE WIRELESS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-0398-B |
| | § | |
| KING TRADING, INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ORDER**

Plaintiff has filed an emergency motion to preserve evidence and an emergency motion for expedited discovery in this trademark infringement action involving the unauthorized and unlawful bulk purchase and resale of TracFone/NET 10 Prepaid Phones. As grounds for these motions, plaintiff alleges that defendants in similar cases have "sold or otherwise disposed of TracFone/NET 10 Prepaid Phones in their possession immediately upon being served with the summons and complaint." (Plf. Mot. to Pres. Evid. at 2). The destruction of potentially relevant evidence has been confirmed by investigators hired by plaintiff, who have recovered over 50 empty TracFone clamshells from a dumpster at a video store in Carrollton, Texas, where defendants are conducting their bulk resale operation. (*See id*., App. at 10-11, ¶¶ 29-35). In order to prevent the destruction of this and other evidence, plaintiff seeks an *ex parte* order requiring defendants: (1) to preserve all evidence in this action, including all TracFone/NET 10 Prepaid Phones currently in their possession; (2) to provide an inventory of all TracFone/NET 10 Prepaid Phones and the location where the handsets are being kept; and (3) to preserve all evidence relating to the bulk purchase, sale, distribution, and alteration of TracFone/Net 10 Prepaid Phones. (*Id.* at 3-4). In addition, plaintiff seeks leave to conduct expedited discovery in order to learn the full extent and nature of defendants'

unlawful conduct so it can decide whether to seek a preliminary injunction. (*See* Plf. Mot. for Exp. Disc. at 2).

After considering the motions and the evidence submitted by plaintiff, the court finds that: (1) there is a legitimate concern for the continuing existence and maintenance of the integrity of the evidence in question absent an order preserving the evidence; (2) such concerns outweigh any harm to the defendants that may result from a preservation order; and (3) defendants will not be unduly burdened by such an order. *See AT&T Mobility LLC v. Arena Trading, Inc.*, No. 3-08-CV-0330-P, 2008 WL 624104 at *1 (N.D. Tex. Mar. 5, 2008) (Kaplan, J.), *citing Capricorn Power Co., Inc. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433-34 (W.D. Pa. 2004). In addition, the court finds that expedited discovery, before a Rule 26(f) conference, is necessary to enable plaintiff to determine the nature and extent of defendants' alleged counterfeiting activities so it can decide whether to seek preliminary injunctive relief. *See Fimab-Finanziaria Maglificio Biellese Fratelli Fila S.p.A. v. Kitchen*, 548 F.Supp. 248, 250 (S.D. Fla. 1982) (expedited discovery is appropriate in cases involving trafficking of counterfeit trademarked goods).

Accordingly, plaintiff's emergency motion to preserve evidence [Doc. #5] and emergency motion for expedited discovery [Doc. #6] are granted in part. Defendants King Trading, Inc., Amin Noorali Muhammad, Murad Ali Charania a/k/a Muradali A. Charania, and Amin Jalaluddin Budhwani are hereby ordered:

>1. to preserve all evidence in this action including, without limitation, all TracFone/NET 10 Prepaid Phones currently in their possession and/or subject to their control; and
>
>2. to preserve all evidence relating to the bulk purchase, sale, distribution, and alteration of TracFone/NET 10 Prepaid Phones, including all information, items, and documents responsive to Plaintiff's First Requests for Production of Documents and Things, along with copies of any software or hardware used to modify or alter

> TracFone/NET 10 Prepaid Phones, all records of transactions related to TracFone/NET 10 Prepaid Phones, all TracFone/NET 10 Prepaid Phone clamshells and packaging, and communications with third-parties on the subject of the purchase, sale, or alteration of TracFone/NET 10 Prepaid Phones and the security measures contained therein.

In addition, plaintiff is granted leave to serve the following written discovery and deposition notices before a Rule 26(f) conference:

1. Plaintiff's First Request for Production of Documents and Things to Defendant King Trading, Inc.;

2. Plaintiff's First Request for Production of Documents and Things to Defendant Amin Jalaluddin Budhwani;

3. Plaintiff's First Request for Production of Documents and Things to Defendant Amin Noorali Muhammad;

4. Plaintiff's First Request for Production of Documents and Things to Defendant Murad Ali Charania;

5. Plaintiff's Notice of Taking Deposition of Defendant Amin Jalaluddin Budhwani;

6. Plaintiff's Notice of Taking Deposition of Defendant Amin Noorali Muhammad;

7. Plaintiff's Notice of Taking Deposition of Defendant Murad Ali Charania; and

8. Plaintiff's Notice of 30(b)(6) Deposition of Defendant King Trading, Inc.

Defendants shall either fully answer the Requests for Production and produce responsive documents, or file appropriate objections, within 10 days after service of the discovery request. Defendants shall either appear for their depositions as noticed by plaintiff or file a motion for protective order with the court prior to the scheduled depositions. In all other respects, plaintiff's motions are denied.[1]

---

[1] The court declines to order defendants to provide an inventory of TracFone/NET 10 Prepaid Phones and the location where the handsets are being kept. The inventory requested by plaintiff does not relate to the preservation of

The failure to obey this order may result in the imposition of sanctions including, but not limited to, an order holding the offending party in contempt of court.  *See* Fed. R. Civ. P. 37(b)(2).

SO ORDERED.

DATED:   March 13, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

evidence and can be obtained through discovery.  *See Arena Trading*, 2008 WL 624104 at *1 n.1.  Nor will the court authorize plaintiff to inspect the King Video Store or propound follow-up discovery until defendants have an opportunity to be heard on the motion.