UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACFONE WIRELESS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:08-CV-0398-B |
| | § | |
| KING TRADING, INC, *et al.* | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion to Strike Defendants' Affirmative Defenses (doc. 17). Defendants have not filed a response to this motion. After review of the motion and briefing, the Motion is **GRANTED**, in part, and **DENIED**, in part.

## I. BACKGROUND

Plaintiff TracFone Wireless, Inc., ("Plaintiff" or "TracFone") filed the instant action against all named defendants on March 6, 2008 raising, *inter alia,* claims of breach of contract, trademark and copyright infringement and unfair competition (doc. 1). TracFone alleges that the named defendants have unlawfully conspired to engage in scheme to purchase TracFone prepaid phones in bulk, unlock or "reflash" the software codes and then resell the phones for profit. Defendants King Trading, Inc. and Amin Muhammad (collectively "Defendants") filed an answer and denied the allegations (doc. 13).[1]

Defendants raise seven affirmative defense. In regard to Plaintiff's breach of contract claim,

---

[1] Plaintiff's claims against the two other defendants in this case have been dismissed. Those defendants did not file any answers or responsive pleadings, but plaintiffs failed to move for final default judgment against them.

Defendants assert: (1) Plaintiffs have failed to state a claim for which relief can be granted; (2) lack of consideration; and (3) lack of privity. Defendants also assert Plaintiff's various other claims are barred by the affirmative defenses of: (1) First Sale doctrine; (2) doctrine of unclean hands; (3) the Digital Millennium Copyright Act exemptions; and (4) violations of federal and state antitrust laws (doc. 13). TracFone moves to strike all affirmative defenses asserted by King Trading, Inc. and Amin Muhammad under Federal Rule of Civil Procedure 12(f).

## II. ANALYSIS

Under Rule 12(f), a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," including legally insufficient affirmative defenses. *S.E.C. v. Hayes, et al.*, 1991 WL 236846, at *1 (N.D. Tex. 1991). Rule 12(f) motions, however, are generally disfavored. *Federal Deposit Ins. Corp. v. Cheng*, 832 F. Supp. 181, 185 (N.D. Tex. 1993). Affirmative defenses, like a complaint, are subject to Federal Rule of Civil Procedure 8(b) requirements that a party state its defenses in short and plain terms to afford the other party fair notice. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999); *Software Publishers Ass'n. v. Scott & Scott, LLP*, 2007 WL 2325585, at *2 (N.D. Tex. 2007).

Here, TracFone contends Defendants' affirmative defenses are insufficient as a matter of law. The Court finds that Defendants' bald affirmative defenses of unclean hands, exemptions under the Digital Millennium Copyright Act, and violations of antitrust laws do not afford Plaintiff any fair notice and can be easily stricken. *See Software Publishers Ass'n*, 2007 WL 2325585 at *2. Defendant has not pleaded sufficient facts with regard to these affirmative defenses. The pleading amounts to merely a bald assertion of the defense and nothing more. *See id.* The Court grants Plaintiff's motion to strike these affirmative defenses. However, the Court also grants Defendants leave to amend their answer to cure the pleading defects.

On the other hand, the affirmative defenses Defendants raised in response to Plaintiff's breach of contract claim – the failure to state a claim, lack of consideration, and lack of privity defenses – are not stricken. *See id.* Defendants have provided enough factual explanation with these defenses to afford Plaintiff fair notice. *See id.* The Court denies Plaintiff's motion to strike Defendants' affirmative defenses to the breach of contract claim.

The Court also denies Plaintiff's motion to strike Defendants' "First Sale Doctrine" affirmative defense. Under the first sale doctrine, a copyright holder holds the exclusive right to sell and place restrictions on use during the first sale. *Microsoft Corp. v. Worth*, 2007 WL 1975574, at *3 (N.D. Tex. 2007). After that first sale, a copyright holder has no control over future sales. *Id.* Here, Defendants admit only to purchasing "genuine TracFones from independent contractors in arms-length transactions." Defs. Answer at 9 (doc. 13). Whether that sale would amount to a first sale is evidently in dispute. Given this factual dispute, the first sale doctrine defense will not be stricken. *Id.* at *3 (deciding not to strike affirmative defense because of unresolved factual issue).

### III. CONCLUSION

For these reasons, Plaintiff's Motion is hereby **GRANTED**, in part and **DENIED**, in part. The Court **STRIKES** from Defendants King Trading, Inc. and Amin Muhammad's Answer (doc. 13) the affirmative defenses of unclean hands; the Digital Millennium Copyright Act exemptions; and violations of federal and state antitrust laws. Defendants are **granted leave to file an amended answer** to cure the pleading defects **within 10 days** of the date of this Order.

SO ORDERED.
SIGNED November 6, 2008

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE